UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-CV-29 TWR (NLS)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL, AND (3) FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF Nos. 1, 1-2, 2) |

　　　Presently before the Court is Plaintiff David B. Turner, Jr.,'s Complaint against Defendant the City of San Diego ("Compl.," ECF No. 1), as well as Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs ("IFP Mot.," ECF No. 1-2) and Request for Appointment of Counsel ("Mot. for Counsel," ECF No. 2). Plaintiff generally alleges that the City of San Diego is liable for damages in the amount of $50,000,000 because it "fail[ed] to maintain a safe property." (*See* Compl. at 2.) Specifically, Plaintiff alleges that he was struck by a car on February 4, 2022, because some

1

streetlights were out and that a medic caused him greater injury by "twisting" his broken leg. (*See id.*)

## IFP MOTION

The Court first addresses Plaintiff's Motion to proceed *in forma pauperis* ("IFP"). All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $402.[1] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit indicates that he has an average monthly income of $0 during the past twelve months, (*see* IFP Mot. at 1–2); no cash or assets, (*see id.* at 2–3); and average monthly expenses of $0 over the last twelve months. (*See id.* at 4–5.) By way of explanation, he indicates that he is "injur[ed]/disabled." (*See id.* at 5.)

Without further explanation, "[i]t is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action." *See Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022). Because "[t]he Court can draw no conclusions from the incomplete . . . IFP application . . . , the application does not indicate

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life." *See id.* The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion. Should Plaintiff wish to proceed, within <u>twenty-eight (28) days of the date of this Order</u>, he must (1) prepay the entire $402 civil filing and administrative fee in full; **or** (2) complete and file a Motion to Proceed IFP that includes a fuller accounting of his monthly income and expenses or an explanation for the lack thereof.

## MOTION FOR COUNSEL

In his Motion for Counsel, Plaintiff claims he "need[s] to get [an] attorney to help [him] understand [the] paper[s] a[nd] properly uphold [his] right[s] in San Diego." (*See* Mot. for Counsel at 3.) "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Under 28 U.S.C. § 1915(e)(1), however, a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied*, 545 U.S. 1128 (2005)). In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Because the Court has denied without prejudice Plaintiffs' IFP Motion, *see supra*, the Court has not yet had the opportunity to determine that Plaintiff is indigent or to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Further, as discussed below, *see infra*, the Court harbors doubts regarding its jurisdiction over this action. Consequently, "it is impossible to determine [Plaintiff]'s likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here." See *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. CV 21-00085 DKW-RT, 2021 WL 1084769, at *1 (D. Haw. Feb. 12, 2021) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Counsel (ECF No. 2).

## ORDER TO SHOW CAUSE

Although the City of San Diego has not moved to dismiss Plaintiff's Complaint, "this court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  This is because "[f]ederal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Federal district courts may exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Here, Plaintiff claims that this case presents a federal question. (*See* ECF No. 1-1.) Plaintiff, however, fails to invoke a federal statute or a provision of the United States Constitution.  (*See generally* Compl.)  Instead, Plaintiff appears to allege state law negligence claims against the City of San Diego and an unidentified "medic" whose employer is unclear. (*See generally id.*)  He invokes only the "Government Tort Claims Act," which the Court understands to be the California Tort Claims Act, Cal. Gov't Code §§ 810–996.6, and the California Constitution. (*See* Compl. at 2 (citing Cal. Const. art. I §§ 1, 3, 7, 17).)  Because it does not appear that Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within twenty-eight (28) days of the date of this Order why this action should not be dismissed for lack of subject-matter jurisdiction.

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Proceed IFP and for Appointment of Counsel. Accordingly, within <u>twenty-eight (28) days</u> of the date of this Order, Plaintiff must (1) prepay the entire $402 civil filing and administrative fee in full; **_or_** (2) complete and file a Motion to Proceed IFP that includes a fuller accounting of his monthly income and expenses or an explanation for the lack thereof.

The Court also **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be dismissed for lack of subject-matter jurisdiction. Within <u>twenty-eight (28) days</u> of the date of this Order, Plaintiff therefore must file (1) a written response to the Court's Order to Show Cause demonstrating why this Court has federal subject-matter jurisdiction over this action; **_or_** (2) an amended complaint asserting a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**IT IS SO ORDERED.**

Dated:  January 10, 2023

_____
Honorable Todd W. Robinson
United States District Judge